**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**ELDRAN D. JONES,**

  **Petitioner,**

v.              **Case No.  3:12cv193/LC/CJK**

**MICHAEL D. CREWS,**

  **Respondent.**
_____/

**REPORT AND RECOMMENDATION**

  Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1), and supporting memorandum (doc. 2).  Respondent filed an answer (doc. 22), submitting relevant portions of the state court record (doc. 18).  Petitioner did not file a reply, although invited to do so (doc. 23).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

In 2007 and early 2008, petitioner was charged in four separate criminal cases in the Circuit Court for Escambia County, Florida.  In Case No. 07-CF-3242, petitioner was initially charged with possession of Cocaine (Count 1); possession of Codeine (Count 2); driving while license cancelled, suspended or revoked (Count 3) and possession of Cannabis (Count 4).  (Doc. 18, Ex. A, p. 5).[1]  By fourth amended information filed on April 14, 2008, petitioner was charged with possession of Cocaine (Count 1); knowingly selling, manufacturing, delivering, or possessing with the intent to sell, manufacture, or deliver, Codeine (Count 2); driving while license cancelled, suspended or revoked, (Count 3) and possession of Cannabis (Count 4). (Ex. A, p. 10).  On February 5, 2009, petitioner pled no contest to all four counts as charged, and was sentenced to three years in prison followed by two years of probation on the possession of Cocaine (Count 1), and to time served on the remaining counts (Counts 2-4).  (Ex. E).  Petitioner's sentence on Count 1 ran  concurrent with the sentences imposed in Case Nos. 07-4134 and 08-1692.  (*Id.*).

In Case No. 07-CF-2815, petitioner was initially charged with possession of Cocaine (Count 1); possession of Promethazine (Count 2) and possession of drug paraphernalia (Count 3).  (Ex. B, p. 1).  By fourth amended information filed on April 1, 2008, petitioner was charged with possession of Cocaine (Count 1); knowingly selling, manufacturing, delivering, or possessing with the intent to sell, manufacture, or deliver, Codeine (Count 2) and possession of drug paraphernalia (Count 3).  (Ex. B, p. 11).  On February 5, 2009, petitioner pled no contest to all three counts as charged.  (Ex. E).  The court withheld the imposition of sentence on Count 1 and

---

[1]All references to exhibits will be to those provided at Doc. 18, unless otherwise noted.

placed petitioner on probation for five years to run consecutive to the prison and probationary terms imposed in Case No. 07-CF-3242. (Exs. E, F). Petitioner was sentenced to time served on the remaining counts (Counts 2 and 3). (Ex. E).

In Case No. 07-CF-4134, petitioner was initially charged with trafficking in Cocaine (Count 1); possession of Alprazolam (Count 2) and possession of Cannabis (Count 3). (Ex. C, p. 1). By amended information filed on March 31, 2008, petitioner was charged with trafficking in Cocaine (Count 1) and possession of Cannabis (Count 2). (Ex. C, p. 2). On February 5, 2009, petitioner pled guilty to the lesser included offense of possession of cocaine on Count 1, and to possession of Cannabis as charged in Count 2. Petitioner was sentenced to three years in prison followed by two years of probation on the possession of Cocaine (Count 1) to run concurrent with petitioner's sentences in Case Nos. 07-3242 and 08-1692. (Ex. E). Petitioner was sentenced to time served on the remaining count (Count 2). (*Id.*).

In Case No. 08-CF-1692, petitioner was initially charged with selling, delivering, or possessing with the intent to sell, manufacture, or deliver, Cocaine within 1,000 feet of an assisted living facility (Count 1); selling, delivering, or possessing with the intent to sell, manufacture, or deliver, Cannabis within 1,000 feet of an assisted living facility (Count 2); possession of Codeine (Count 3) and possession of drug paraphernalia (Count 4). (Ex. D, p. 1). By second amended information filed on January 26, 2009, petitioner was charged with selling, delivering, or possessing with the intent to sell, manufacture, or deliver, Cocaine within 1,000 feet of an assisted living facility (Count 1); selling, delivering, or possessing with the intent to sell, manufacture, or deliver, Cannabis within 1,000 feet of an assisted living facility (Count 2); possession of Codeine (Count 3) and possession of drug paraphernalia (Count 4). (Ex. D, p. 2). The State nolle prossed Counts 2, 3 and 4 on

January 28, 2009. (*See* Ex. E, p. 38). On February 5, 2009, petitioner pled guilty to the lesser included offense of possession of Cocaine on Count 1. (Ex. E). Petitioner was sentenced to three years in prison followed by two years of probation on the possession of Cocaine (Count 1) to run concurrent with petitioner's sentences in Case Nos. 07-3242 and 07-4134. (*Id.*).

The judgment and an order of probation were rendered on February 5, 2009. (Exs. E, F). Petitioner did not directly appeal or seek postconviction relief. (Doc. 1, p. 2; Doc. 2, p. 2).

Petitioner began serving the probationary terms of his sentences and, on March 3, 2011, an Affidavit of Violation of Probation ("VOP Affidavit") was filed in all four cases. The VOP Affidavit alleged two violations of the probation order: (1) petitioner's violation of Condition 5 (which required petitioner to live and remain at liberty without violating any law) by possessing Cocaine, as shown by analysis of a urine sample obtained from petitioner on February 16, 2011, and confirmed by Alere Toxicology Services on February 25, 2011; and (2) petitioner's violation of Condition 9 (which required petitioner to comply with all instructions given to him by his probation officer) by leaving Escambia County without permission of his probation officer after being instructed by his probation officer not to leave Escambia County without obtaining the officer's permission. (Ex. G). Petitioner pled guilty to the violations in Case Nos. 07-4134 and 08-1692, and pled no contest to the violations in Case Nos. 07-3242 and 07-2815. (Ex. H). Petitioner's probation was revoked and he was sentenced to four years in prison on the possession of Cocaine offenses in Case Nos. 07-4134, 08-1692 and 07-3242. (*Id.*). Petitioner was sentenced to three years in prison on the possession of Cocaine offense in Case No. 07-2815. (*Id.*). All sentences were run concurrent with each other, with credit for all time previously

served.  (*Id.*).  Judgment was rendered on July 11, 2011.  (*Id.*).  Petitioner did not appeal from the judgment or seek postconviction relief.  (Doc. 1, p. 2; Doc. 2, p. 2). Petitioner was released from prison on September 1, 2012.  (Doc. 11; Doc. 22, p. 4).

Petitioner filed his federal habeas petition in this court on April 13, 2012. (Doc. 1).  Petitioner asserts two grounds for relief:  (1) Fla. Stat. § 893.13, the statute under which he was convicted for possessing Cocaine, is facially unconstitutional (violates the Due Process Clause); and (2) the charging documents were "fatally defective" for omitting "guilty knowledge" as an essential element of the crime.  (*Id.*, p. 4). Respondent asserts that petitioner's claims are procedurally defaulted and without merit.  (Doc. 22).

## DISCUSSION

Ground One          "Fla. Stat. § 893.13 is facially unconstitutional as it violates the
                    Due Process Clause."  (Doc. 1, p. 4).

Petitioner alleges the following in support of this claim:

> Petitioner asserts that the statute omits the essential element of mens rea or "guilty knowledge" and eliminates the scienter requirement of the crime.  This creates a mandatory presumption, which violates due process, by unconstitutionally shifting the burden of proof to the criminal defendant.

(Doc. 1, p. 4).  Petitioner admits on the petition form and in his supporting memorandum that he did not present this claim to the state courts.  (*Id.*).  Petitioner explains in his supporting memorandum:

> Petitioner discovered the unconstitutional nature of Fla. Stat. § 893.13 after his time for brin[g]ing claims for review to the State had expired, when researching he came across Shelton v. Secretary, Florida Department of Corrections et al., 23 Fed. Law Weekly, D11 (M.D. Fla. July 27th 2011), this is cause for the default and he was prejudiced because he cannot return to the State court to challenge the legality of his detention.

(Doc. 2, pp. 4-5). Petitioner further asserts that his grounds for relief "constitute a void judgment that can be raised at any time." (Doc. 2, p. 2). Respondent asserts that petitioner's claim is procedurally defaulted and without merit. (Doc. 22, pp. 8-15).

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[2] thereby giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78. A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered

---

[2]Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A)  the applicant has exhausted the remedies available in the courts of the State; or

(B) (i)  there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

procedurally defaulted, i.e., procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S. Ct. 1728; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

Petitioner admits this claim is procedurally defaulted (that he never presented it to the state courts and is barred by state procedural rules from returning to state court to litigate it). Petitioner makes none of the requisite showings to excuse his

procedural default. To the extent petitioner argues he could not have known the legal basis for his claim until the Middle District issued its decision in *Shelton v. Sec'y, Dep't of Corr.*, 802 F. Supp.2d 1289 (M.D. Fla. 2011), *reversed*, 691 F.3d 1348 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1856 (2013), his argument fails. Petitioner could have presented to the Florida courts the same argument as the defendant in *Shelton, supra*. Petitioner's procedural default bars federal habeas review of Ground One. *See, e.g., Bell v. Sec'y, Fla. Dep't of Corr.*, No. 5:11cv411/MP/EMT, 2013 WL 5436719, at *14 (N.D. Fla. Sept. 27, 2013) (rejecting argument identical to petitioner's and finding claim procedurally defaulted).

Ground Two      "Charging document was fatally defective for omitting 'guilty knowledge' as an essential element." (Doc. 1, p. 4).

This ground for relief is premised on petitioner's argument in Ground One. Petitioner asserts that because Fla. Stat. § 893.13 omits the essential *mens rea* requirement of "guilty knowledge", the statute is unconstitutional. Petitioner reasons that because "guilty knowledge" is an essential element for a conviction under § 893.13 to be valid, the element of "guilty knowledge" must be alleged in the charging document. Petitioner asserts:

> The information wholly omitted the essential element of "guilty knowledge." The failure of the State to allege an essential element of the crime in the charging document wholly failes [sic] to charge a crime against the accused.

(Doc. 1, p. 4). Petitioner admits on the petition form and in his supporting memorandum that he did not present this claim to the state courts. (*Id.*). Petitioner argues, as he did in Ground One, that the legal basis for his claim was not available until the Middle District issued its decision in *Shelton v. Sec'y, Dep't of Corr.*, 802 F. Supp. 2d 1289 (M.D. Fla. 2011), and that this constitutes cause for his procedural

default. (Doc. 2, pp. 2, 4-5). Respondent asserts that petitioner's claim is procedurally defaulted and without merit. (Doc. 22, pp. 15-21).

This claim is procedurally defaulted for reasons outlined in Ground One. Petitioner admits this claim is procedurally defaulted (that he never presented it to the state courts and is barred by state procedural rules from returning to state court to litigate it). Petitioner makes none of the requisite showings to excuse his procedural default. Petitioner's procedural default bars federal habeas review of Ground Two.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and

recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1), challenging the judgment of conviction and sentences in *State of Florida v. Eldran Demond Jones* in the Circuit Court for Escambia County, Florida, Case Numbers 07-2815, 07-3242, 04-4134 and 08-1692, be DENIED, and the clerk be directed to close the file.

2. That a certificate of appealability be DENIED.

At Pensacola, Florida this 2nd day of January, 2014.

*/s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).